Tony W. Wong, Esq. (CSB No. 243324)
A. Justin Lum, Esq., *Of Counsel* (CSB No. 164882)
Peter K. Chu, Esq. (CSB No. 251705)
**DAVID & RAYMOND I.P. LAW FIRM**
388 E. Valley Blvd., Suite 223
Alhambra, CA 91801
Telephone: (626) 447-7788
Facsimile: (626) 447-7783

Attorneys for Plaintiff
HIT INNOVATIVE CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIT INNOVATIVE CORPORATION, a Taiwan (R.O.C.) company,<br><br>                Plaintiff,<br><br>v.<br><br>YU-TANG CHEN, an individual, and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO. 16-CV-01851<br><br>**COMPLAINT FOR:**<br><br>**(1)DECLARATORY JUDGMENT OF INVALIDITY OF REGISTERED PATENT**<br>**(2)DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF REGISTERED PATENT**<br>**(3)UNFAIR COMPETITION UNDER CALIFORNIA BUS. & PROF. CODE § 17200** |

Plaintiff HIT INNOVATIVE, INC., through its counsel, for its Complaint against Defendants YU-TANG CHEN and DOES 1 THROUGH 10, INCLUSIVE, states as follows:

### THE PARTIES

1.      Plaintiff HIT INNOVATIVE CORPORATION ("Plaintiff") is a Taiwan company with a principal place of business at 12F., No. 10, Aly. 7, Ln. 205, Sec. 4, Shoungxiao E. Rd., Xinyi Dist., Taipei City 110, Taiwan (R.O.C.), and is conducting business in the United States, including but not limited to the State of California.

2.      Plaintiff is informed and believes that Defendant YU-TANG CHEN ("Chen") is an individual residing in the country of Taiwan (R.O.C.).

3.      The true names and capacities of Defendants DOES 1 THROUGH 10, inclusive, whether individual, corporate, associate or otherwise, and the respective obligations of those defendants to Plaintiff, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names and will ask leave of the Court to amend this Complaint to show their true names and capacities when the same are ascertained.  Chen and the Doe defendants are collectively referred to as "Defendants."

4.      Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are legally or equitably responsible in some manner

for the occurrences as herein alleged, and that Plaintiff's damages as herein alleged were caused by Defendants' conduct.

5.     Plaintiff is informed and believes and thereon alleges that at all times pertinent hereto, each of the Defendants were the agents, servants, and employees of each other, and were acting within the course and scope of their agency and employment.

## JURISDICTION AND VENUE

6.     Plaintiff's first and second claims for relief herein arise under the patent laws of the United States, including 35 U.S.C. §101 *et seq.*, the Declaratory Judgment Act, and 28 U.S.C. §§ 2201 and 2202.

7.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC § 1331 and 28 U.S.C. § 1338 (a) and (b).

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1400 and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district, and because Plaintiff and Defendants conduct business in this district.

## RELEVANT BACKGROUND

9.     Plaintiff brings this action to stop Defendants from engaging in unfair competition concerning enforcement of a patent issued by the U.S. Patent and

Trademark Office, US. Patent No. 6,415,691 for "Ratchet Wrench Structure Having a High Torsion Driving Action Along Dual Directions," ("Subject Patent"), that they knew to be, or should reasonably have known to be invalid. Defendants have aggressively pursued enforcement of the Subject Patent in spite of the fact that the Subject Patent is widely known to have been anticipated by a substantial body of invalidating prior patents and publications, and may further be invalid for failing to fulfill the enablement requirements of 35 U.S.C. § 112.

10.     A true and correct copy of the Subject Patent in question is attached herein as Exhibit "A."

11.     It is Plaintiff's understanding and belief that Defendants either had in their possession or could have easily learned of prior patents that invalidate the Subject Patent.

12.     It is Plaintiff's understanding and belief that Defendants either knew or should have known that the Subject Patent fails to fulfill the requirement pursuant to 35 U.S.C. § 112 that the Subject Patent describe the claimed invention in such terms that one skilled in the art can make and use the claimed invention.

13.     Additionally, Defendants have alleged patent infringement by at least the "Kobalt 25 pc Xtreme Access Mechanic's Tool Set" (the "Accused Products") in correspondence to Plaintiff's customers, including parties that are located in the

State of California, do business in the State of California, and/or sell the Accused Products in the State of California.

14.    Defendants have threatened legal action against Plaintiff and its associates to enforce the Subject Patent. A true and correct copy of pertinent correspondence is attached herein as Exhibit "B."

15.    Defendants' contact with Plaintiff's business partners in the United States and threats of legal action for enforcement of the Subject Patent amount to ill-founded attempts to interfere with the business of parties who are making, using and selling legitimate products that have been wrongly accused. Defendants have thereby engaged in unlawful and unfair business practices as defined in the California Unfair Trade Practices Act, Sections 17200 *et seq.*

16.    Plaintiff has been damaged because Plaintiff is the supplier of the Accused Products that have been accused of infringing Defendants' Subject Patent. Defendants' illegal actions amount to interference with Plaintiff's legitimate business relationships.

17.    Based on Plaintiff's information and belief, Defendants had knowledge of and was fully informed of prior patents and publications that would invalidate the Subject Patent prior to threatening legal action to enforce said patent, and thereby have engaged in unfair competition and unfair business practices.

18.     Defendants' attempts to enforce the Subject Patent, while knowing that it is not legally enforceable, have caused and continue to cause damage to Plaintiff's business relationships and interference with Plaintiff's ability to sell the products that have been accused by Defendants.

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the Subject Patent)

19.     Plaintiff repeats each and every allegation contained in paragraphs 1-18 and incorporates such allegations by reference herein.

20.     Plaintiff contends that one or more of claims of the Subject Patent is invalid for failing to comply with the conditions and requirements set forth in the United States Patent Laws, Title 35 U.S.C. §101, *et seq.*, including without limitation §§ 102, 103, and/or 112, and including (*inter alia*) invalidity under 35 U.S.C. §§102, 103, and/or 112.

21.     Plaintiff is entitled to entry of judgment pursuant to 28 U.S.C. §§2201 and 2202 from this Court declaring one or more claims of the Subject Patent invalid.

//

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Non-infringement of the Subject Patent)

22.     Plaintiff incorporates paragraphs 1 through 21, inclusive, as though the same were set forth in full herein.

23.     Defendants have stated a specific intent to file suit against Plaintiff and demands Plaintiff comply with demands beyond Defendants' claims of rights.

24.     There presently exists a justiciable controversy regarding the rights of the parties.

25.     On information and belief, Defendants intend to file suit against Plaintiff and absent a declaration of non-infringement Plaintiff will suffer and continues to suffer injury.

26.     Plaintiff is not liable for infringing any valid rights Defendants may claim in the Subject Patent and Defendants have no rights against Plaintiff in the Subject Patent because of its invalidity.

27.     Plaintiff seeks a declaratory judgment that they have not and do not infringe any enforceable rights in the Subject Patent and that they are not otherwise liable to Defendants.

//

## <u>THIRD CLAIM FOR RELIEF</u>

(Unfair Competition Under California

Business and Professions Code § 17200 *et seq.*

also known as Unfair Practices Act)

28.     Plaintiff repeats each and every allegation contained in the foregoing paragraphs, 1 through 27, inclusive, and incorporates such allegations by reference herein.

29.     Defendants have committed acts of unfair competition by the knowing enforcement of a patent that is anticipated and unenforceable because of the actual and/or constructive knowledge of prior patents and publications that show it to be invalid.

30.     Defendants' attempts to enforce the Subject Patent and malicious contact with Plaintiff's customers constitute unfair business acts, including unfair competition and intentional tortious interference with business relationships under the common law and violate California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 (also known as the Unfair Practices Act).

31.     Plaintiff has no adequate remedy at law for the damages that are continuing to its business as a result of Defendants' actions that are in violation of the Unfair Practices Act.

32.     Defendants' acts as alleged herein were malicious, willful, wanton, oppressive and outrageous.

33.     Defendants' acts of unfair competition have damaged Plaintiff and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

34.     Upon information and belief, Defendants' acts were in conscious and willful disregard for Plaintiff's rights and the resulting damage to Plaintiff is such as to warrant the enhancement of damages in order to provide just compensation.

### **PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.     For compensatory damages that are to be proven at trial, and at present are not fully determined;

2.     For entry of a judgment declaring that Plaintiff has not infringed the Subject Patent and is not liable for any infringement of the Subject Patent;

3.     For entry of a judgment declaring the Subject Patent invalid;

4.     For preliminary and permanent injunction against Defendants' unlawful conduct of attempting to enforce the Subject Patent;

5.     For restitution as authorized by law;

6.      For prejudgment interest on Plaintiff's damages;

7.      For attorneys fees, costs, and expenses incurred in bringing this action;

8.      For other and further relief as this Court may deem proper.


Dated: March 17, 2016                    David & Raymond IP Law Firm

                                         __s/Tony W. Wong/_____
                                         Tony W. Wong
                                         A. Justin Lum

                                         Attorneys for Plaintiff
                                         HIT INNOVATIVE
                                         CORPORATION

# **DEMAND FOR JURY TRIAL**

Plaintiff HIT INNOVATIVE CORPORATION hereby demands a jury trial on all issues triable as of right to a jury.  FED. R. CIV. P. 38(b).

Dated: March 17, 2016                    David & Raymond IP Law Firm


                                        __s/Tony W. Wong/_____
                                        Tony W. Wong
                                        A. Justin Lum

                                        Attorneys for Plaintiff
                                        HIT INNOVATIVE
                                        CORPORATION